UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MATTHEW BELK,

    Plaintiff,

v.

    Case No.

TOMMY'S SEAFOOD, INC., a Louisiana
Business Corporation and THOMAS J.
DELAUNE, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW BELK, by and through his undersigned counsel, brings this action against Defendants, TOMMY'S SEAFOOD, INC., a Louisiana Business Corporation ("Tommy's") and THOMAS J. DELAUNE, Individually, ("DeLaune") (collectively "Defendants"), and states as follows:

## INTRODUCTION

1. The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2. To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a). Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a). Third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3. Plaintiff was a non-exempt employee for Defendants, and was paid an hourly wage.

4.     Throughout his employment, Defendants deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

## SUBJECT MATTER JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et seq*.

6.     Venue is proper in the Eastern District of Louisiana because Defendants' principal place of business is in this District.

7.     Further, a substantial part of the events or omissions giving rise to this claim occurred in the Eastern District of Louisiana.

## THE PARTIES

8.     Plaintiff Matthew Belk, a natural person, is a citizen of the State of Mississippi, residing in Stone County, Mississippi.

9.     Defendant, Tommy's Seafood, Inc., is a Louisiana Business Corporation, with its principal place of business located at 148 Harbor Circle, New Orleans, Louisiana.

10.    Defendant, Tommy J. DeLaune, a natural person, is, and at all times material hereto was, a resident of the State of Louisiana.

## FLSA COVERAGE

6.     At all times material hereto, Tommy's was a Louisiana Business Corporation.

7.     At all times material hereto, Tommy's owned and operated a seafood distribution business in the State of Louisiana.

8.     At all times Tommy's maintained its principle place of business at 148 Harbor Circle, New Orleans, Louisiana, 70126.

9.     At all times material hereto, DeLaune owned and operated Tommy's.

2

10. At all times material hereto, DeLaune managed and operated Tommy's on a day to day basis.

11. At all times material hereto, DeLaune regularly exercised the authority to hire and fire employees of Tommy's.

12. At all times material hereto, DeLaune determined the work schedules for the employees of Tommy's.

13. At all times material hereto, DeLaune controlled the finances and operations of Tommy's.

14. At all times material hereto, DeLaune was engaged in business in the State of Louisiana.

15. At all times material hereto, DeLaune was, and continues to be, an individual resident of the State of Louisiana.

## FACTUAL ALLEGATIONS

11. In approximately April 2017, Defendants re-hired Mr. Belk to work as a non-exempt equipment operator and welder employee.

12. At all times material hereto, Mr. Belk worked for Defendants operating heavy equipment including skid loaders, fork lifts, scissor lifts, and as a structural welder.

13. From at least April 2017 and continuing through September 2019, Defendants failed to compensate Mr. Belk at a rate of one and one-half times his regular rate of pay for all hours worked in excess of forty (40) hours in a single work week.

14. Mr. Belk should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per work week, as required by the FLSA.

15. Defendant has violated Title 29 U.S.C. § 207 from April 2017 and continuing through September 2019, in that:

    a. Mr. Belk worked in excess of forty (40) hours during most work weeks for the period of his employment with Defendants;

    b. No payments, and/or provisions for payment, have been made by Defendants to properly compensate Mr. Belk at the statutory rate of one and one-half times his regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants failed to maintain proper time records as mandated by the FLSA.

## COUNT I
### VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

16. Plaintiff realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff worked in excess of forty (40) hours per work week in most if not all work weeks.

18. Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each work week.

19. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours.

20. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

21. Defendants' actions were willful and/or showed reckless disregard for the

provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for his hours worked in excess of forty (40) hours per work week when they knew, or should have known, such was, and is due.

22. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

23. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per work week, plus liquidated damages.

24. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. §215(a)(3) - RETALIATION

25. Plaintiff realleges and incorporates paragraphs 1 through 15 as if fully set forth herein.

26. On or about September 3, 2019, Plaintiff questioned Defendant DeLaune about not being paid overtime for the hours he worked in excess of 40 hours per week.

27. In retaliation for his questions/complaint, Defendants terminated Plaintiff's employment almost immediately thereafter.

28. Following Plaintiff's termination, Defendants have continued to retaliate against him and have intentionally blackballed Plaintiff in the industry.

29. As a direct result of Defendants' actions Plaintiff has been unable to obtain subsequent employment despite his best efforts.

30. Defendants discriminated against Plaintiff because he sought to enforce his rights to be paid proper overtime wage pay, in accordance with the FLSA.

31. Defendants' action towards Plaintiff is discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

32. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Awarding Plaintiff overtime compensation in the amount due to him for his time worked in excess of forty (40) hours per work week while employed by Defendants;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    c. Awarding Plaintiff pre-judgment and/or post-judgment interest;

    d. Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the overtime wage provisions of the FLSA;

    e. Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendants failed to keep accurate time records;

    f. Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendants have a legal duty to pay Plaintiff overtime wages pursuant to the FLSA;

    g. Declaring, pursuant to 29 U.S.C. §§2201 and 2202 that Defendants failed to prove a good faith defense;

    h. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the termination of Plaintiff is in violation of the retaliation provision of the FLSA;

i.   That Plaintiff is entitled to overtime wages, liquidated damages, compensatory damages and punitive damages, and reasonable attorneys' fees pursuant to the FLSA;

j.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k.   Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues triable as a matter of right by jury.

Dated: December 23, 2019

          Respectfully submitted,

          ***/s/ Rene Rocha***
          Rene Rocha, Esq.
          LA Bar No. 34411
          Morgan & Morgan Complex Litigation Group
          909 Poydras Street, Suite 1625
          New Orleans, LA 70112
          T: (504) 636-6310; F: (504) 636-6301
          Email: RRocha@forthepeople.com